## Louis Moulton v. I. N. Gibbs et al.

1. EVIDENCE—*To Prove that Other Animals Sold at the Same Sale Were Sound, Inadmissible.*—In an action for damages caused by the sale of a diseased mule at an auction sale, evidence tending to prove that none of the other mules sold on the same occasion were afflicted, is inadmissible.

2. INSTRUCTIONS—*Circumstantial Evidence.*—An instruction which states that in determining what facts are proven in the case the jury should carefully consider all the facts before them, with all the circumstances of the transaction in question as detailed by the witnesses, and that they may find any fact proven which they may believe from the evidence may be rightfully and reasonably inferred from the evidence given in the case, although there may not be any direct testimony as to such facts, is proper. By its refusal the value of the circumstantial evidence would be destroyed and no fact could be established save by positive and direct evidence.

2. SAME—*Invading Province of the Jury.*—An instruction by which the jury are told that although they may believe from the evidence that the mule took sick and died a few days after plaintiff obtained possession of it from the defendants, yet this of itself is not sufficient to justify them in finding a verdict for the plaintiff, is erroneous, as invading the province of the jury to determine questions of fact.

Assumpsit. upon a contract of warranty. Appeal from the City Court of Mattoon; the Hon. LAPSLEY C. HENLY, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

ANDREWS & VAUSE, attorneys for appellant.

JAMES W. and EDWARD C. CRAIG, attorneys for appellees. FRANK T. O'HAIR, of counsel.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellees against appellant, upon a contract of warranty contained in the sale of a mule by the latter to the former. The jury found the issues against appellant, and the court, after overruling his motion for a new trial, gave judgment against him in bar of the action, to reverse which this appeal is brought to this court, and to effect such reversal it is argued the court erred in its rulings upon the evidence and the instructions in the case.

Appellant purchased two mules at an auction sale, of the appellees, at which all the mules sold were, by the auctioneer, warranted sound, and if not, they would be made so. Directly after the purchase appellant took the mules from where they, with others, had been stabled, and where they remained at the time of the sale, in the city of Mattoon, and from there they were, with no delay, taken to the home of appellant upon his farm in the country. Appellant and another man, who assisted him in transferring the mules, testified that one of the mules coughed while being taken from the barn where the sale occurred, and while on the road to the home of appellant it was sick. This sickness continued for six days, when it died. The evidence established the fact that the mule died of lung fever. The evidence was conflicting as to the point whether the mule was diseased before and at the time of the sale, and from the nature of the evidence in the case, the determination of this fact depended greatly upon natural and reasonable inferences to be drawn from facts and circumstances directly proven, and the evidence of the respective parties being contrarious on this vital issue, accurate instructions and rulings upon the evidence affecting such issue, were demanded.

While upon the witness stand appellant was asked if the other mule, the one that lived, coughed, to which the court sustained appellees' objection; to which ruling appellant excepted. While one of the appellees was a witness he was asked if either mule at the time of the sale had lung fever, or anything of that sort, to which appellant objected, but the court overruled the objection, and the answer was that none of the mules had lung fever. Over appellant's objection the same witness was permitted to say that a mule with lung fever could not be driven twice, a mile and one half each time, on the same day, there having been evidence tending to show the deceased mule had been so driven. It is argued that in these rulings of the court there was prejudicial error. The issue then being tried was whether the one mule that died was diseased at the time of the sale,

and inasmuch as it was not contended the disease with which it was afflicted was contagious or infectious, the court properly ruled in the first instance that evidence affecting the other mule was inadmissible. Had the court persisted in such ruling, no error would have occurred in that respect; but this was not done, and on the contrary the court permitted appellee to prove none of the other mules were afflicted. This was misleading and prejudicial, because, from such evidence, the jury could only infer that if none of the other mules were then sick, it was probable this one acquired its disease after having been taken from the stable, and this we think would be incompetent. Besides this, the rulings of the court were inconsistent as applied to either side of the case. The same strictness or liberality of ruling should be applied to both sides of the case. Whether or not a mule with lung fever could be driven twice the same day, a mile and a half each time, as the witness was permitted to say it could not, was a question for the jury to decide from all the evidence in the case, and not for any witness, however expert he might be, especially when the stage of severity of the disease was not hypothetically put to him.

The court refused to give, at the request of appellant, the following instruction, which appellant insists was reversible error:

"The court instructs the jury that in determining what facts are proven in this case, you should carefully consider all the facts before you, with all the circumstances of the transaction in question as detailed by the witnesses; and you may find any fact proven which you may believe may be rightfully and reasonably inferred from the evidence given in the case, although there may not be any direct testimony as to such facts."

The court at the instance of the defendants gave to the jury the following instruction, which has been argued as containing prejudicial error:

"The court instructs the jury that although you may believe from the evidence that the mule took sick and died a few days after plaintiff obtained possession of it from the

defendants, yet, this of itself is not sufficient to justify you to find a verdict for the plaintiff. The court instructs you that before you can find for the plaintiff, in addition to this fact you must believe from a preponderance of the evidence, first, that the defendants warranted the mule to be sound, and second, that the mule was not sound at the time the defendants sold him to the plaintiff. And unless you so believe from a preponderance of the evidence it will be your duty to find your verdict for the defendants."

Combining the action of the court in the refusal of the one and the giving of the other instruction, in view of the evidence in the case, we are constrained to believe there was prejudicial error. The refused instruction could only properly refer to the recently discovered sickness of the mule after the sale, and the instruction given expressly informs the jury that this fact is not sufficient to justify the jury in finding for the plaintiff. Whether the fact that the mule sickened and died soon after the purchase was sufficient evidence upon which to find that it was diseased when the sale was made, was a question of fact to be determined by the jury from all the evidence in the case, and it was error for the court to refuse the instruction upon that point and at the same time give an instruction that clearly invaded the province of the jury. If the refused instruction should not be held as law, in every case the value of circumstantial evidence would be destroyed, and no fact could be established save by positive or direct evidence.

For the errors pointed out the judgment of the trial court will be reversed and the cause remanded for a new trial.